NOT DESIGNATED FOR PUBLICATION

No. 129,578

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CLINTON PATRICK OSBORNE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; JAMES M. CROWL, judge. Submitted without oral argument. Opinion filed August 14, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., ATCHESON and ISHERWOOD, JJ.

PER CURIAM: Defendant Clinton Patrick Osborne appeals the order of the Shawnee County District Court revoking his probation for possession of methamphetamine and requiring him to serve a 34-month prison sentence. We granted Osborne's motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). Upon review, we find the district court did not abuse its discretion, so we affirm the revocation order.

In December 2024, a grand jury indicted Osborne for felony possession of methamphetamine and misdemeanor possession of drug paraphernalia. The circumstances of the underlying crimes are irrelevant to this appeal. After entering an agreement with the State, Osborne pleaded guilty to the methamphetamine charge, and

1

the State dismissed the paraphernalia charge. In late April 2025, the district court sentenced Osborne to serve 34 months in prison followed by 12 months of postrelease supervision and, consistent with the plea agreement, placed him on probation for 12 months, reflecting a downward dispositional departure.

About a month later, Osborne tested positive for methamphetamine; THC, the active compound in marijuana; and fentanyl. He also admitted to using drugs in violation of his probation conditions. And about a month after that, Osborne was arrested for domestic battery, criminal damage to property, and theft.

At a hearing in mid-August 2025, Osborne stipulated to the probation violation for drug use but contested the new crimes violation. The State called the victim of the crimes and the Topeka police officer who responded to the call as witnesses. The victim essentially dissembled, testifying that she could not really remember what happened and was intoxicated at the time. The police officer recounted his contemporaneous interview of the victim. According to the officer, the victim did not appear to be intoxicated and provided a factual narrative the officer recounted during the hearing supporting the elements of the alleged crimes. The district court credited the officer's testimony and found by a preponderance of the evidence that the State had proved Osborne committed new crimes in violation of his probation.

The district court recognized that it could revoke the probation and order Osborne to prison without imposing an intermediate sanction because he committed new crimes and because he had received a dispositional departure to probation in the first place. The district court said it found Osborne's criminal conduct to be of particular concern as a matter of public safety. The district court revoked Osborne's probation and directed that he serve the original 34-month prison sentence. Osborne has appealed.

A district court's decision to revoke probation entails two steps: (1) A factual determination, supported by a preponderance of the evidence, that the probationer has violated one or more conditions of probation; and (2) a discretionary determination as to the appropriate disposition in light of any proved violation. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008) (components of probation revocation); *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006) (preponderance of evidence standard governs proof of probation violation). Here, Osborne admitted the drug violation, relieving the State of the obligation to prove that violation. The district court found the State met its burden to prove Osborne committed new crimes in violation of his probation. On appeal, Osborne does not contest that factual finding.

We review a district court's decision on how best to address established probation violations for abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Judicial discretion has been abused if a decision is arbitrary, fanciful, or unreasonable; rests on a substantive error of law; or entails a material mistake of fact. 315 Kan. at 328. Osborne carries the burden of showing that the district court abused its discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

District courts do not have wholly unfettered authority in dealing with proved probation violators. Under K.S.A. 22-3716(c), a district court typically should impose an intermediate sanction of two or three days in jail for an initial set of probation violations, especially if they are comparatively minor. The district court may bypass those sanctions for specific statutory reasons: (1) The defendant received a departure from presumptive imprisonment to probation; (2) the defendant violated his probation by committing a felony or misdemeanor during the probationary period; (3) the defendant absconded; or (4) upon a particularized finding that the public safety or the defendant's welfare would not be served by the sanction. K.S.A. 22-3716(c)(7)(A)-(D). Here, as we have indicated, the district court had the authority to revoke Osborne's probation both because he received a dispositional departure to probation and because he committed new crimes.

3

Osborne does not dispute the district court's legal authority to revoke his probation. Nor does he argue the district court misunderstood the relevant facts. Osborne submits that he was actively seeking inpatient drug treatment and recognized his need for treatment. He contends the district court abused its discretion by refusing to continue his probation so he could get treatment in a community setting. To accept that argument, we would have to find that no other district court would, under similar circumstances, revoke a defendant's probation and order them to prison. Consistent with the broad latitude encompassed in judicial discretion, we decline to make such a finding. We are confident other district courts would have come to the same conclusion, especially given the new crimes evidence that entailed a violent episode in which Osborne injured the victim and damaged her residence.

Affirmed.